Fort Worth & Denver City Railway Company v. G. C. Wright.

Decided October 25, 1902.

**Carriers of Freight—Contract of Shipment of Live Stock—Charge.**

Where the issue was whether or not the parties to a contract for the shipment of live stock contemplated that a written contract therefor should be signed in pursuance of a previous oral agreement, and it was not controverted that a written contract was in fact signed, it was error for the charge to preclude a finding in the carrier's favor unless they found that in making such prior verbal agreement it was then the intention of the parties to sign such written contract, "and that same should govern the shipment of said stock," as this would follow as matter of law, and was not a question for the jury, and such charge limited the legal effect of the contract.

Appeal from the County Court of Clay. Tried below before Hon. H. A. Allen.

*Stanley, Spoonts & Thompson* and *Robert Harrison,* for appellant.

*Jas. F. Carter,* for appellee.

HUNTER, Associate Justice.—This is the third appeal from judgments in favor of appellee from the County Court of Clay County, and the case now appears before us upon substantially the same facts as were presented on the former appeals, for statement of which see Railway v. Wright, 24 Texas Civil Appeals, 291, 58 Southwestern Reporter, 846.

In the submission of the issue directed by this court on the first appeal the court gave the following charge: "If you find and believe from the evidence that the written contract offered in evidence by defendant was executed by the agents of plaintiff and defendant as expressing the real agreement of the parties covering said shipment of stock, then you will find for the defendant; or if you should find and believe from the evidence that at the time of making the verbal agreement between plaintiff and O. J. Watrous, defendant's agent, if you find same was made, it was contemplated by the parties that they should sign the contract in evidence, and it was then the intention of the parties to sign said contract, and that same should govern the shipment of said stock, then you will find for defendant. But if you find and believe from the evidence that the verbal contract was entered into prior to the execution of said written agreement, and as specified in the second paragraph of this charge, and that said written agreement was signed by plaintiff without said plaintiff or his agent knowing the contents thereof, and they did not have time to read said contract before the train carrying said stock left the depot, and said contract was without consideration, then you are instructed that said written contract is void and not binding on the parties thereto."

It was undisputed in the evidence that appellee's agent in fact signed the written contract pleaded by appellant, which limited its liability to negligence of its own servants and employes arising upon its own line. The court in the charge quoted, as is very apparent, limited the effect of the contract by requiring the jury to further find that it was the intention of the parties thereto that it should "govern the shipment of said stock." If, in the preliminary negotiations between appellant's agents and appellee, it was contemplated that the written contract afterwards signed should in fact be executed, and if pursuant to such purpose it was executed, then, as a matter of law, the terms of the contract governed the shipment, and it was erroneous to instruct the jury to determine this purely legal question.

We find no other reversible error, but for the error noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*